IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


MICHELLE R. POUPPIRT,                    3:11-CV-00114-BR

          Plaintiff,                     OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

          Defendant.


KAREN STOLZBERG
11830 S.W. Kerr Parkway, #315
Lake Oswego, OR 97035
(503) 251-0707

          Attorney for Plaintiff


1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**SCOTT T. MORRIS**
Special Assistant United States Attorney
Social Security Administration
1301 Young Street
Suite A702
Dallas, TX 95202
(214) 767-3472

          Attorneys for Defendant


**BROWN, Judge.**

     Plaintiff Michelle R. Pouppirt seeks judicial review of a
final decision of the Commissioner of the Social Security Admini-
stration (SSA) in which he denied Plaintiff's applications for
Supplemental Security Income (SSI) and Disability Insurance
Benefits (DIB) under Titles XVI and II of the Social Security
Act.  This Court has jurisdiction to review the Commissioner's
final decision pursuant to 42 U.S.C. § 405(g).

     Following a review of the record, the Court **AFFIRMS** the
decision of the Commissioner and **DISMISSES** this matter.


### ADMINISTRATIVE HISTORY

     Plaintiff filed her applications for SSI and DIB on

2 - OPINION AND ORDER

July 26, 2006, and alleged a disability onset date of July 1, 2006. Tr. 119, 128.[1] The applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on January 22, 2009. Tr. 27-72. At the hearing, Plaintiff was represented by an attorney. Plaintiff and a lay witness testified.

The ALJ issued a decision on July 20, 2009, in which he found Plaintiff is not entitled to benefits. Tr. 14-26. That decision became the final decision of the Commissioner on December 21, 2010, when the Appeals Council denied Plaintiff's request for review. Tr. 1-6.

## BACKGROUND

Plaintiff was born on December 1, 1967, and was 41 years old at the time of the hearing. Tr. 73. Plaintiff has a high-school education. Tr. 34, 142. Plaintiff has past relevant work experience as a cocktail waitress, sales associate, and dietary aide. Tr. 26, 33-34, 146-53.

Plaintiff alleges disability due to "severe endometriosis," interstitial cystitis, headaches, and depression. Tr. 123.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the

---

[1] Citations to the official transcript of record filed by the Commissioner on June 21, 2011, are referred to as "Tr."

3 - OPINION AND ORDER

medical records, this Court adopts the ALJ's summary of the
medical evidence. *See* Tr. 19-20, 24-25.


## **STANDARDS**

The initial burden of proof rests on the claimant to
establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004
(9th Cir. 2005). To meet this burden, a claimant must
demonstrate her inability "to engage in any substantial gainful
activity by reason of any medically determinable physical or
mental impairment which . . . has lasted or can be expected to
last for a continuous period of not less than 12 months."
42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of
developing the record. *Reed v. Massanari*, 270 F.3d 838, 841
(9th Cir. 2001).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.
42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec.
Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial
evidence means more than a mere scintilla, but less than a
preponderance, i.e., such relevant evidence as a reasonable mind
might accept as adequate to support a conclusion." *Robbins v.
Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal
quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins,* 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

**I.   The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. §§ 404.1520, 416.920. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commis-
sioner determines the claimant does not have any medically severe
impairment or combination of impairments. *Stout*, 454 F.3d at
1052. *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii),
416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner
determines the claimant's impairments meet or equal one of a
number of listed impairments that the Commissioner acknowledges
are so severe they preclude substantial gainful activity. *Stout*,
454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii),
416.920(a)(4)(iii).  The criteria for the listed impairments,
known as Listings, are enumerated in 20 C.F.R. part 404, subpart
P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must
assess the claimant's Residual Functional Capacity (RFC).  The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite her limitations.  20 C.F.R.
§§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling
(SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a
day, for 5 days a week, or an equivalent schedule."  SSR 96-8p,
at *1.  In other words, the Social Security Act does not require
complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d
1273, 1284 n.7 (9th Cir. 1996).  The assessment of a claimant's

RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

**ALJ'S FINDINGS**

At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since her July 1, 2006, onset date.  Tr. 19.

At Step Two, the ALJ found Plaintiff has severe impairments of endometriosis and interstitial cystitis.  Tr. 19.  The ALJ found Plaintiff's alleged impairments of somatoform disorder, anxiety, irritable bowel syndrome, carpal tunnel syndrome, headaches, temporomandibular joint disease, and neck and shoulder pain to be nonsevere.  Tr. 20-21.

At Step Three, the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1.  The ALJ found Plaintiff has the residual functional capacity (RFC) to perform "the full range of light work."  Tr. 22.

At Step Four, the ALJ concluded Plaintiff is able to perform her past relevant work as a cocktail waitress, sales associate, and dietary aide.  Tr. 26.  Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits.

**DISCUSSION**

Plaintiff contends the ALJ erred when he (1) found at Step Two that Plaintiff's alleged impairments of somatoform disorder and headaches are not severe, (2) rejected Plaintiff's testimony,

(3) rejected lay-witness testimony, and (4) implicitly rejected portions of the opinion of James E. Bryan, Ph.D., examining neuropsychologist.

**I.   Any error by the ALJ at Step Two was harmless.**

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities."  20 C.F.R. § 404.1521(a).  *See also Ukolov*, 420 F.3d at 1003.  The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1521(a), (b).  Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting.  *Id.*

As noted, the ALJ found Plaintiff has the severe impairments of endometriosis and interstitial cystitis.  Plaintiff, however, asserts the ALJ erred at Step Two when he did not find Plaintiff's alleged impairments of somatoform disorder and

headaches to be severe.

The Ninth Circuit has held when the ALJ resolves Step Two in a claimant's favor, any error in designating specific impairments as severe does not prejudice a claimant at Step Two. *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005)(any error in omitting an impairment from the severe impairments identified at Step Two is harmless when Step Two was resolved in claimant's favor).

In addition, the record reflects Dr. Bryan opined Plaintiff's somatoform disorder did not affect her ability to understand, to remember, and to carry out instructions or to interact appropriately with supervisors, co-workers, or the public and to "respond to changes in the routine work setting." Tr. 581-82.

Because the ALJ resolved Step Two in Plaintiff's favor, the Court concludes any error by the ALJ in failing to identify another alleged impairment as severe is harmless.

**II.  Plaintiff's testimony.**

Plaintiff contends the ALJ erred when he improperly rejected Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to

produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th
Cir. 1986).  The claimant, however, need not produce objective
medical evidence of the actual symptoms or their severity.
*Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not
any affirmative evidence of malingering, the ALJ can reject the
claimant's pain testimony only if she provides clear and
convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742,
750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th
Cir. 1995)).  General assertions that the claimant's testimony is
not credible are insufficient.  *Id*.  The ALJ must identify "what
testimony is not credible and what evidence undermines the
claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ found Plaintiff's "medically determinable
impairments could reasonably be expected to cause the alleged
symptoms," but Plaintiff's "statements concerning the intensity,
persistence and limiting effects of these symptoms are generally
not credible to the extent they are inconsistent with the above
[RFC]."  Tr. 23.

The ALJ noted the severity of Plaintiff's limitations as she
expressed them at the hearing are "quite different from what is
revealed in the record, including by her own reported statements
and her statements made to [Dr. Bryan], three months after the
hearing."  Tr. 23.  Specifically, Plaintiff testified at the

hearing that she "essentially lies around most of the day," but
she reported to Dr. Bryan that she drives herself places,
occasionally does laundry, cooks, and performs light household
chores.  Tr. 23, 585.  In addition, Plaintiff testified she
suffers from anxiety, cannot be out of her room for more than ten
minutes even to be with her immediate family, and panics in
crowded stores.  Plaintiff, however, reported to Dr. Bryan that
she plays bunko with her cousin "at some other friends' homes"
and is able to socialize with other people who she knows even
though she is "most comfortable at home in [her] bedroom."
Tr. 586.  The ALJ also noted Plaintiff's treating physician,
Jennifer R. Heiser, M.D., stated her findings on examination of
Plaintiff were inconsistent with Plaintiff's reports of pain.
Tr. 23, 261-62.

Finally, the ALJ noted Dr. Bryan reported with respect to
the results of Plaintiff's MMPI-2 evaluation that

> the Fake Bad Scale was extremely highly elevated.
> Clinical research on the FBS has show that it is
> equivalent in sensitivity to other validity
> indicators for over-reporting of symptoms.
> Interpretive instructions state that, Raw scores
> above 28 should raise very significant concerns
> about the validity of self-reported symptoms.  The
> clinical scale provide is significant for . . .
> [a] somatoform profile with extreme elevations on
> Scales 1 and 3.  This pattern is associated with
> extreme emphasis upon health complaints, in the
> context of externalizing social conflicts or
> indications of what the person may view as
> unacceptable social weaknesses.  This is
> consistent with a conversion like pattern, in
> which stresses and conflicts tend to be

12 - OPINION AND ORDER

interpreted as physical symptoms.

Tr. 590.  Dr. Bryan opined "the FBS indicates some motivated over-reporting of somatic symptoms, but is not conclusive of malingering."  Tr. 590.

The Court concludes on this record that the ALJ did not err when he rejected Plaintiff's testimony as to the intensity, persistence, and limiting effects of her symptoms because the ALJ provided legally sufficient reasons supported by the record for doing so.

**III. Lay-witness testimony.**

Plaintiff contends the ALJ erred when she rejected the August 2006 statement and hearing testimony of Plaintiff's mother, Nancy Pouppirt; the January 2009 statement of Julia Jacobsen; and the undated statement of Laurann Kealiher.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless she "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."  *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).  *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a claimant's disability, must give full consideration to the testimony of friends and family members.").

**A.   Nancy Pouppirt**

In her August 2006 statement, Nancy Pouppirt described

Plaintiff as having "limited daily activities because of pain,
spends time resting." Tr. 162. Nancy Pouppirt reported
Plaintiff takes care of her son with help and fixes his meals,
washes his clothes, and helps him with his homework. Tr. 163.
In addition, Plaintiff takes turns with her mother making simple
meals for the family, does laundry, picks up after herself, goes
out for short walks, shops for food and necessities for a short
time weekly, visits with others, takes her son to swimming twice
a week, and watches her son play in the park. Tr. 165-66. Nancy
Pouppirt concluded: "[S]eeing my daughter having so much pain on
a daily basis is very distressful. I would like to see her be
able to go back to school to help her & her son have a good
income & be able to be on their own." Tr. 169.

        At the hearing Nancy Pouppirt testified she could hear
Plaintiff crying in her room at night due to pain; Plaintiff did
not do any housework, cooking, or yardwork; and Plaintiff was
able to shop only occasionally for short periods of time.
Tr. 65-66. Nancy Pouppirt also reported Plaintiff has migraine
headaches that sometimes last up to three days and has problems
with her bladder that cause her to go to the bathroom "a lot
more" than "most people." Tr. 69.

        The ALJ noted Plaintiff has lived at home with her
mother "except for a brief period of time" when Plaintiff was
married and lived only three to four blocks away. Tr. 24. The

14 - OPINION AND ORDER

ALJ noted Nancy Pouppirt's "close relationship with [Plaintiff] possibly provides a lack of motivation to offer an objective or functional assessment of [Plaintiff's] limitations," and, therefore, the ALJ considered Nancy Pouppirt's statements "with caution."

The Ninth Circuit has held an ALJ's consideration of a lay-witnesses' "close relationship" with the claimant and the possible "influence by [the] desire to help [the claimant]" is a germane and legally sufficient reason for "doubting [lay-witness] credibility." *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006). *See also Rusten v. Comm'r,* No. 10-35514, 2012 WL 507161, at *1 (9th Cir. Feb. 16, 2012)(The ALJ did not err when he gave little weight to the lay-witness testimony of claimant's mother on the ground that she "could not be considered [a] disinterested witness[], and . . . [her] statements were likely colored by affection for him.").

Accordingly, the Court concludes the ALJ did not err when he considered Nancy Pouppirt's statement and testimony "with caution" because the ALJ provided legally sufficient reasons supported by the record for doing so.

**B.    Laurann Kealiher and Julia Jacobsen**

Plaintiff asserts the ALJ erred when he failed to "defer" to the statements of Kealiher and Jacobsen.

In an undated statement, Kealiher reported she has seen

15 - OPINION AND ORDER

Plaintiff's illness worsen and Plaintiff is in "constant pain,
unable to go out much, she can not [*sic*] even visit long due to
the pain. . . .  She has basically become a prisoner in her own
home."  Tr. 211.

In her January 2009 statement, Jacobsen, Plaintiff's
grandmother, noted Plaintiff can "never stay long" out of her
bedroom to visit with immediate family because of her pain, and
Plaintiff's pain "constantly keeps her home and in her bedroom."
Tr. 209.

The ALJ noted these statements were "generally
consistent with [Plaintiff's] alleged activities of daily
living."  Nevertheless, the ALJ found these witnesses were
"unable to provide an objective critical assessment on how
[Plaintiff's] impairments affect her overall abilities to perform
basic work activities at various levels."  The ALJ concluded the
statements were "generally credible but of limited value for
arriving at a determination of [Plaintiff's] overall [RFC]."
Tr. 25.

The Court concludes on this record that the ALJ did not
err when he found these statements to be of limited value "for
arriving at a determination of" Plaintiff's RFC because the ALJ
provided legally sufficient reasons supported by the record for
doing so.

**IV.  Opinion of examining physician James E. Bryan.**

Plaintiff asserts the ALJ erred because even though he accorded Dr. Bryan's opinion "significant weight," the ALJ failed to find that Plaintiff's somatoform disorder was severe. Specifically, Plaintiff relies on Dr. Bryan's statement that Plaintiff's "reliability with scheduled activities and subjective dependency upon friends & family re her complaints of pain and medical symptoms" was "affected by [her] impairment."  Tr. 582.

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."  *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32.

The fact that Dr. Bryan diagnosed Plaintiff with a somatoform disorder and opined Plaintiff's "reliability with scheduled activities" was "affected" is not sufficient to require the ALJ to find Plaintiff's somatoform disorder to be severe.  As noted, Dr. Bryan also opined Plaintiff's somatoform disorder did not affect her ability to understand, to remember, and to carry

17 - OPINION AND ORDER

out instructions; to interact appropriately with supervisors, co-workers, or the public; or to "respond to changes in the routine work setting."  Because Dr. Bryan's opinion as to Plaintiff's level of functioning is susceptible to more than one rational interpretation, the Court must uphold the ALJ's interpretation and conclusion.  *See Burch*, 400 F.3d at 679 (When "evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

The Court concludes on this record that the ALJ did not err when he failed to find that Plaintiff's somatoform disorder was severe even though he gave "significant weight" to Dr. Bryan's opinion because the ALJ provided legally sufficient reasons for doing so.

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 8th day of March, 2012.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge